UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:04-CV-176

**PADUCAH & LOUISVILLE RAILWAY,
INC.**                                                                                                    **PLAINTIFF**

**V.**

**QUIXX CORPORATION,
UTILITY ENGINEERING CORPORATION, and
XCEL ENERGY, INC.**                                                                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon the Plaintiff's motion to alter or amend the Memorandum Opinion and Order granting summary judgment for the Defendants (DN 70), and a motion for a hearing (DN 73). Fully briefed, these matters are ripe for decision. For the following reasons, the Plaintiff's motions are **DENIED**.

**I. LEGAL STANDARD**

When a Rule 59 motion is made to alter or amend a judgment, it may be granted if "there is clear error of law, newly discovered evidence, an intervening change in controlling law, or in order to prevent manifest injustice." GenCorp, Inc. v. American International Underwriters, 178 F.3d. 804, 834 (6th Cir. 1999)(citations omitted). To constitute "newly discovered evidence," the evidence must have been previously unavailable. Id.

**II. ANALYSIS**

The Plaintiff's motion offers nothing new. Plaintiff insists that the Defendants' negligence was the proximate cause, rather than a remote cause of the derailment. Plaintiff argues that "[a]ccording to the experience of mankind, it is common sense that violation of standards meant to ensure safety – like the AAR Interchange Rules – will 'probably', and even certainly, lead to the

creation of an unsafe condition like failure due to metal fatigue and that they will ultimately lead to injury, the exact result that the safety standards were established to prevent."

As noted previously, the bolster failed due to metal fatigue. The AAR rules in question ensure safety by providing that certain welds should not be made in the reconditioning process because the likelihood of those welds failing is too great. If the Plaintiff had proof that the alleged improper welds made by the Defendants caused the bolster to fail, it would have a viable case. However, even the Plaintiff's expert concedes that the metal fatigue which caused the failure of the bolster was not at all related to those welds. Thus, all Plaintiff is left with is an argument that had the Defendants not left the bolster in service, it would not have had the chance, seven years later, to suffer from another malady, i.e., metal fatigue. The Court concluded that such original negligence was too remote, that it only furnished the occasion for the injury, and that it was not the proximate cause of the derailment.

The Plaintiff's motion to reconsider does not convince the Court that it should vacate its judgment and the Court sees no reason to grant oral argument on the motion.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's motion for a hearing and its motion to alter or amend the Court's judgment are **DENIED**.

**IT IS SO ORDERED**.

cc: Counsel of Record